UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | | |
|---|---|---|
| **CARLOS HUMBERTO GALAN** | * | |
| | * | CIVIL ACTION NO. |
| versus | * | |
| | * | SECTION " " |
| **BIMINI SHIPPING COMPANY, L.L.C.** | * | |
| | * | MAGISTRATE |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# SEAMAN'S COMPLAINT

The Complaint of **Carlos Humberto Galan**, a person of the age of majority and a resident of Tegucugalpa, Honduras, with respect represents:

## PARTY DEFENDANTS

1.

Made Defendant herein is:

a. **Bimini Shipping Company, L.L.C.**, a domestic Florida corporation, with its principal place of business and registered office in Miami, Florida.

## JURISDICTION

2.

Jurisdiction of this Court over claims against Defendant, **Bimini Shipping Company, L.L.C.**, is invoked by virtue of 46 U.S.C. §688, more commonly referred to as the Jones Act, and General Maritime Law.

## SEAMAN'S STATUS

3.

At all material times mentioned herein, Plaintiff, **Carlos Humberto Galan**, was an employee of Defendant, **Bimini Shipping Company, L.L.C.** Plaintiff further alleges that at all pertinent times herein, he was a seaman and a member of a crew of a motor vessel on the open seas.

4.

Plaintiff was employed as a seaman and was a member of the crew of Defendant's fleet of vessels.

5.

Plaintiff brings his cause of action against the Defendant for negligence and unseaworthiness resulting in an accident of June 21, 2011 which caused Plaintiff serious and permanent disabling injuries.

6.

On or about June 21, 2011, Plaintiff was a crew member of and working aboard the M/V LEGEND II, which was owned and operated by Defendant and Plaintiff was working in the course of his employment with Defendant when he suffered serious and permanently disabling injuries while the vessel was at Spanish Island in the Bahamas.

7.

While in the service of Defendant's vessel and in the course of his employment with Defendant, a co-employee of the Defendant failed to keep a proper look-out and ran over Plaintiff's foot with a forklift, crushing his foot, knocking him down and injuring his foot, knee and back.

8.

Plaintiff avers that Defendant's employee was working in the course and scope of his employment and Defendant is vicariously liable for the negligent acts of its seamen.

### FIRST CAUSE OF ACTION

### JONES ACT NEGLIGENCE

9.

Plaintiff avers Defendant was negligent in the following but not limited to respects:

a. Vicarious liability for the negligence of its employee;

b. Failing to properly train, instruct and supervise the crew;

c. Failing to provide proper training and failing to provide a knowledgeable and competent crew member for the task at hand;

d. Failing to provide the necessary and tools for the task at hand;

e. Inadequate supervision of the operation which was the task at hand;

f. Failing to provide a safe place for Plaintiff to work;

g. Failing to provide necessary lighting to perform the task at hand;

h. Failing to have adequate crew and adequate equipment;

i. Failing to properly prepare a work area;

j. Creating an unreasonable risk of harm and a dangerous and hazardous condition;

k. Failing to provide adequate warning of a dangerous and hazardous condition;

l. Failing to have a flagman assisting in the task at hand; and

m. Failing to rectify a dangerous and hazardous condition.

## SECOND CAUSE OF ACTION

## UNSEAWORTHINESS

10.

Plaintiff avers that Defendant's vessel on which Plaintiff was a crew member was unseaworthy in the following but not limited to respects:

a. The vessel was improperly and inadequately crewed at the time of the accident;

b. There was inadequate procedures and equipment for the job at hand;

c. There was inadequate and improper equipment, materials and tools for the job at hand;

d. There was inadequately trained and supervised crew;

e. The area of the vessel was inadequate for the job at hand;

f. The area of the vessel in question hand inadequate lighting;

g. The area of the vessel had equipment tools and other materials creating a hazardous condition for the crew members to work; and

h. The ship was in such a condition, specifically the area where the work at hand was taking place, and it there was a dangerous and hazardous condition and an unreasonable risk of harm.

11.

As a result of the accident, Plaintiff suffered a severe and permanently disabling injury involving his lower extremity foot and spine requiring surgery.

12.

Plaintiff avers that the negligence stated herein and the unseaworthy condition of the vessel was a cause in fact, proximate cause and legal cause of Plaintiff's accident and injuries.

13.

Plaintiff itemizes his damages as follows:

a. Lost wages, past and future

b. Medical expenses, past and future

c. Physical pain and suffering, past and future

d. Mental pain and anguish, past and future

e. Permanent physical impairment and disability, past and future

f. Loss of enjoyment of life

### THIRD CAUSE OF ACTION

14.

Despite the fact that Plaintiff has not reached maximum medical improvement referable to the injuries he sustained in the accident in question, maintenance and cure have been terminated. Plaintiff brings this cause of action for maintenance and cure pursuant to General Maritime Law.

### FOURTH CAUSE OF ACTION

15.

Plaintiff shows that Defendant's termination of maintenance and cure was arbitrary and capricious and without probable cause and as a result thereof, Plaintiff is entitled to punitive damages and attorneys' fees.

16.

Plaintiff avers amicable demand to no avail.

**WHEREFORE**, Plaintiff, **Carlos Humberto Galan**, prays for and demand that the Defendant be duly summoned and served with this Complaint and that Plaintiff demands judgment for damages against Defendant, **Bimini Shipping Company, L.L.C.**, for an amount adequate to compensate Plaintiff for his damages, together with court costs, legal interest from date of judicial demand until paid, pre-judgment interest and all general and equitable relief.  Plaintiff further prays for judgment herein in favor of Plaintiff, **Carlos Humberto Galan**, and against Defendant, **Bimini Shipping Company, L.L.C.**, in a sum and for an amount adequate to compensate Plaintiff for his damages, for the Defendant's failure to pay maintenance and cure, and for punitive damages for the arbitrary and capricious failure to pay maintenance and cure along with pre-judgment interest, reasonable attorneys' fees and all costs of these proceedings.  Plaintiff further demands trial by jury as to all issued triable as a right.

Respectfully submitted,

_____
**LLOYD N. FRISCHHERTZ** (La. Bar. #5749)
FRISCHHERTZ, POULLIARD, FRISCHHERTZ
 & IMPASTATO, L.L.C.
1130 St. Charles Avenue
New Orleans, LA  70130
Telephone:       (504)523-1500
Facsimile:        (504) 581-1670
Email:              lloyd@fpfi-law.com
*Attorney for Plaintiff, Carlos Humberto Galan*

**PLEASE SERVE:**
**BIMINI SHIPPING COMPANY, L.L.C.**
through its agent for service of process,
**MS. JAN YELEN**
**Yelen & Yelen PA**
1104 Ponce de Leon Boulevard
Coral Gables, FL 33134